# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

DONOVAN EARL CRAWFORD
and CLAUDINE ELENA
CRAWFORD,

          Plaintiffs,

v.

OCWEN LOAN SERVICING, LLC,
et al.,

          Defendants.

1:17-cv-3830-WSD

## OPINION AND ORDER

This matter is before the Court on the required frivolity review of Plaintiffs Donovan Earl Crawford and Claudine Elena Crawford's ("Plaintiffs") "Complaint of Irrepairable [sic] Damage Planned by Defendants" [3] and "Notice and Application for Emergency Preliminary Injunction" [4], which the Court construes liberally and together as Plaintiffs' Complaint.

## I.    BACKGROUND

On October 26, 2015, Plaintiffs filed in the Superior Court of Fulton County, Georgia, a petition seeking to enjoin Defendants from foreclosing on their home. ([4] at 3).

On October 6, 2016, the Fulton County Superior Court dismissed Plaintiffs' petition. (Id.). Plaintiffs appealed.

On September 8, 2017, the Georgia Court of Appeals affirmed the Fulton County Superior Court order dismissing Plaintiffs' petition. (Id. at 4).

On September 18, 2017, Plaintiffs moved, in the Georgia Court of Appeals, for reconsideration of its September 8th order. (Id.).

On September 29, 2017, Plaintiffs, proceeding *pro se*, filed in this Court an application to proceed *in forma pauperis* ("IFP") and their Complaint. In it, Plaintiffs summarize the proceedings in state court and seek to enjoin Defendants from foreclosing on their home "on the grounds that an injunction is needed until the application for reconsideration in the Court of Appeals in the State of Georgia is determined." (Id. at 2).

On September 29, 2017, Magistrate Judge Linda T. Walker granted Plaintiffs' IFP Application and directed the Clerk of Court to submit this action to the Court for review of Plaintiffs' Complaint. ([2]).

**II. DISCUSSION**

　A.　Legal Standard

A court must dismiss a complaint filed *in forma pauperis* if at any time the court determines the action is frivolous or malicious or that it fails to state a claim

on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H&S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)). Under this standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

Review for frivolousness, on the other hand, "'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'" See Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). A claim is frivolous when it "has little or no chance of success," that is, when it appears "from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are

3

'indisputably meritless.'" Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (quoting Neitzke, 490 U.S. at 327).

Plaintiffs filed their Complaint *pro se*. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations and internal quotation marks omitted). Nevertheless, a *pro se* plaintiff must comply with the threshold requirements of the Federal Rules of Civil Procedure. See Beckwith v. Bellsouth Telecomms. Inc., 146 F. App'x 368, 371 (11th Cir. 2005). "Even though a *pro se* complaint should be construed liberally, a *pro se* complaint still must state a claim upon which the Court can grant relief." Grigsby v. Thomas, 506 F. Supp. 2d 26, 28 (D.D.C. 2007). "[A] district court does not have license to rewrite a deficient pleading." Osahar v. U.S. Postal Serv., 297 F. App'x 863, 864 (11th Cir. 2008).

B. Analysis

Plaintiffs' Complaint is rambling and convoluted, and the Court is unable to discern a viable cause of action. Plaintiffs assert that, because the Georgia Court of Appeals' September 8th Order "overlooks Plaintiffs' factual representations" and "misconstrues the applicable statutes, Plaintiffs respectfully requests [sic] that this Court grants an injunction (pending the outcome of the hearing to prevent

damage to the Plaintiffs)." ([4] at 25). That Plaintiffs believe they will succeed on the merits of their motion for reconsideration does not support that they are entitled to enjoin foreclosure proceedings. Plaintiffs' Complaint essentially challenges the Georgia Court of Appeals' September 8th Order, and the Court lacks jurisdiction under the Rooker-Feldman doctrine to grant Plaintiffs the relief they seek. See Doe v. Fla Bar, 630 F.3d 1336, 1341 (11th Cir. 2001) (Federal district courts "generally lack jurisdiction to review a final state court decision.") (citing D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983) & Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923)). Plaintiffs' Complaint fails to state a claim on which relief can be granted, and this action is required to be dismissed under 28 U.S.C. § 1915(e)(2).[1]

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2).

---

[1] The Court notes further that Plaintiffs' Complaint does not allege any basis for the Court's jurisdiction and it fails to comply with Rule 8 of the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 8(a) (complaint must include "a short and plain statement of the grounds for the court's jurisdiction"). Dismissal is warranted for this additional reason.

**SO ORDERED** this 2nd day of October, 2017.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE